United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| BILL BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-50 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, a prisoner confined at TDCJ-CID's Cuero Unit, filed this lawsuit pursuant to 42 U.S.C. § 1983 on July 15, 2020, alleging that Defendants violated his constitutional rights by not performing proper medical intake procedures pursuant to the Americans with Disabilities Act of 1990 (D.E. 1). Plaintiff was granted leave to proceed *in forma pauperis*. Pending is Plaintiff's motion for a preliminary injunction and temporary restraining order pursuant to Federal Rule of Civil Procedure 65(a).

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the

defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

## Discussion

Plaintiff cannot meet his burden as to any of the four factors. As to the first factor, Plaintiff must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado,* 729 F.3d at 417. The court notes first of all that the injunctive relief requested by Plaintiff is unrelated to his lawsuit. He alleges he is entitled to an injunction regarding the issuance of a medical box, removing his disciplinary history, and re-issuing good time credit. (D.E. 4, p. 2). In any event, Plaintiff cannot demonstrate a likelihood of success on the merits of his claims in this lawsuit, nor has he alleged any facts demonstrating that he is a victim of retaliation.

In the underlying lawsuit, Plaintiff claims that his rights under the Americans with Disabilities Act were violated by improper medical intake procedures at the Cuero Unit (D.E. 1). In his request for injunctive relief, Plaintiff does not explain his request in any detail and is confusing and difficult to decipher. Plaintiff has not demonstrated a likelihood of success on the merits of this allegation. "To state a claim of retaliation an

inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory allegations will not suffice. *Id.* Plaintiff's personal opinion is conclusory and not supported by any facts.

As to the second factor, Plaintiff has not alleged any irreparable harm for which there is no remedy at law, such as monetary compensation. *Deerfield Med. Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiff has not been denied access to the courts. Plaintiff's allegations have not resulted in any harm, injury, or prejudice to him. The filing of this lawsuit, the granting of *in forma pauperis* status, and the filing of these motions are proof that his paperwork is reaching the court, being read, and being addressed. He has missed no deadlines. *See Lewis v. Casey*, 518 U.S. 343, 355 (1995) (in an access to courts claim, inmate must show injury, i.e. that he was denied the tools to attack his sentence, directly or collaterally, or denied the tools to challenge conditions on confinement). Plaintiff also has cited no authority holding that an inmate is irreparably harmed by the actions he discusses in his motion.

On the third and fourth factors, Plaintiff has failed to show that his interest in the matters he discusses outweighs the interest of the prison in maintaining safety and security at the prison.

Plaintiff has not carried his burden as to any of the four factors. Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction (D.E. 4) is **DENIED**.

ORDERED this 5th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge