UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BILL BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00050 |
| | § | |
| CHRISTI TUPA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Bill Baker, appearing *pro se* and *in forma pauperis* (IFP), has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  In connection with his former confinement at the Stevenson Unit in Cuero, Texas, Plaintiff asserts claims under § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165 (ADA).  For the reasons set forth below, the undersigned respectfully recommends that this case be **DISMISSED** without prejudice for failure to prosecute.

### I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### II.   BACKGROUND

On July 15, 2020, Plaintiff filed this prisoner civil rights action in the Marshall Division of the Eastern District of Texas. Plaintiff was confined at the Stevenson Unit at the time he filed this action. He sued TDCJ Executive Director Bryan, two prison officials from the Gurney Unit, two prison officials from the Buster Cole Unit, and Dr. Tupa from the Stevenson Unit. On August 4, 2020, Magistrate Judge K. Nicole Mitchell from the Eastern District of Texas severed Plaintiff's claims against Dr. Tupa and transferred them to this Court. (D.E. 11).

At the Court's direction, Plaintiff filed an Amended Complaint in which he named Dr. Tupa and Executive Director Collier as defendants. (D.E. 23). Plaintiff claims that Defendants violated his Eighth Amendment and ADA rights. (D.E. 23, pp. 3-4). He seeks injunctive and monetary relief. (D.E. 23, p. 4).

On August 5, 2020, the undersigned granted Plaintiff's application to proceed IFP. (D.E. 17). As part of this order, the undersigned instructed Plaintiff that he was required to notify the Court of any change of address by filing a notice of change of address with the Clerk of Court. (D.E. 17, ¶ 10). Plaintiff was warned that "[f]ailure to file such notice may result in this case being dismissed for want of prosecution." (D.E. 17, ¶ 10).

The undersigned recommended that this Court retain only Plaintiff's: (1) deliberate indifference claim against Dr. Tupa in her individual capacity based on her decision to rescind Plaintiff's medical locker box pass; and (2) ADA claim against the University of Texas Medical Branch (UTMB) based on Dr. Tupa's decision. (D.E. 28, 32). The

undersigned separately ordered service on Dr. Tupa and the UTMB (collectively "Defendants"). (D.E. 29, 33). Defendants subsequently filed their answer. (D.E. 34).

On June 16, 2021, Defendants filed a Motion for Summary Judgment. (D.E. 42). The Certificate of Service attached to the summary judgment motion reflects that it was mailed to Plaintiff's address listed on the docket at the Stevenson Unit. (D.E. 42, p. 12). Plaintiff's response was due on July 16, 2020. (D.E. 35). However, Plaintiff has not filed a response.

On June 16, 2021, the undersigned entered an Order granting Defendants' motion to seal the summary judgment motion and attached exhibits. (D.E. 44). This Order was mailed to Plaintiff at the Stevenson Unit. The Order, however, was returned as undeliverable with the notations "RTS Released," "Not Deliverable as Addressed," and "Unable to Forward." (D.E. 45).

## III.   DISCUSSION

A review of the TDCJ's website indicates that Plaintiff is no longer in TDCJ custody. Furthermore, through a telephonic inquiry with the TDCJ, the undersigned has learned that Plaintiff was released from TDCJ custody on May 24, 2021. Plaintiff has not had any contact with the Court since he was released from custody. In addition, Plaintiff has not responded to Defendants' summary judgment motion filed on June 16, 2021.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d

769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). Plaintiff was advised in the August 5, 2020 Order that this action may be dismissed should he fail to update the Court with his current address. (D.E. 17, ¶ 10). Plaintiff has failed to comply, and it is apparent that he has abandoned this lawsuit. The Court, therefore, cannot proceed with Plaintiff's case if he is not willing to participate as a litigant. Accordingly, dismissal is warranted under these circumstances.

## IV. DISCUSSION

Accordingly, it is respectfully recommended that Plaintiff's lawsuit be **DISMISSED** under Rule 41(b) for failure to prosecute this action.

Respectfully recommended on September 17, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs*. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).