Case 6:20-cv-00050 Document 47 Filed on 09/29/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BILL BAKER, § § Plaintiff, § § v. § § BRYAN COLLIER; LARRY BERGER; § KELLI T. TAYLOR; PATRICK COOPER; § FAYE WRIGHT; and CHRISTI TUPA, § § Defendants. § | Civil Action No. 6:20-cv-00050 |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Amended Memorandum and Recommendation ("Amended M&R") signed by Magistrate Judge Julie K. Hampton on December 22, 2020.[1] (Dkt. No. 32). In the Amended M&R, Magistrate Judge Hampton screened *pro se* Plaintiff Bill Baker's Amended Complaint, (Dkt. No. 23), for frivolous claims pursuant to the Prison Litigation Reform Act[2] and Motion for Preliminary Injunction, (Dkt. No. 25). (Dkt. No. 28); (Dkt. No. 32). Magistrate Judge Hampton recommended that the Court retain Baker's Section 1983 claim against Defendant Christi Tupa ("Tupa") in her individual capacity for her alleged "deliberate indifference" in deciding to "rescind Plaintiff's

---

[1] Magistrate Judge Hampton signed the Original Memorandum and Recommendation ("Original M&R") on December 1, 2020. (Dkt. No. 28). The Texas Office of the Attorney General ("OAG") filed a timely *amicus curiae* Objection to the Original M&R. (Dkt. No. 31). Magistrate Judge Hampton then issued the Amended M&R, which incorporated by reference all unamended portions of the Original M&R. *See* (Dkt. No. 32).

[2] *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

medical locker box pass." (Dkt. No. 28 at 1, 14, 16); (Dkt. No. 32). Magistrate Judge Hampton also recommended that the Court retain Baker's Americans with Disabilities Act ("ADA")[3] claim against The University of Texas Medical Branch ("UTMB") for Tupa's alleged denial of Baker's request for a medical locker box pass.[4] (*Id.*). With respect to Baker's other claims, namely, his money damages claims against all Defendants in their official capacities and his claims against Defendant Bryan Collier, Magistrate Judge Hampton recommended that the money damages claims be dismissed as barred by the Eleventh Amendment and that the claims against Collier be dismissed without prejudice. (Dkt. No. 28 at 2, 16–17). Magistrate Judge Hampton also recommended that "Plaintiff's remaining claims against Defendants be [dismissed] with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)." (*Id.*). Finally, Magistrate Judge Hampton recommended that Baker's Motion for Preliminary Injunction be denied. (*Id.*).

The Parties were provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

---

[3] *See* 42 U.S.C. § 12101 *et seq.*

[4] In the Original M&R, Magistrate Judge Hampton recommended that Plaintiff's ADA claim against the Texas Department of Criminal Justice ("TDCJ") for Tupa's alleged conduct be retained. (Dkt. No. 28 at 1, 16). In its Objection to the Original M&R, the OAG stated that "Tupa is not an employee of TDCJ, but rather an employee of The University of Texas Medical Branch at Galveston." (Dkt. No. 31 at 1). Accordingly, Magistrate Judge Hampton amended her recommendations to retain the ADA claim against UTMB instead of TDCJ. (Dkt. No. 32).

General Order No. 2002-13. No party objected to the Amended M&R. As a result, review is straightforward: plain error.[5] *Guillory v PPG Indus. Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

No plain error appears. Accordingly, the Court **ACCEPTS** the Amended M&R as this Court's Memorandum Opinion and Order.[6] The Court **RETAINS** Baker's Section 1983 claim against Tupa in her individual capacity for her alleged "deliberate indifference" in deciding to "rescind Plaintiff's medical locker box pass" and his ADA claim against UTMB for Tupa's alleged conduct. Furthermore, the Court (1) **DISMISSES WITHOUT PREJUDICE** Baker's claims for money damages against all individual Defendants in their official capacities as barred by the Eleventh Amendment; (2) **DISMISSES WITHOUT PREJUDICE** Baker's claims against Defendant Collier; and (3) **DISMISSES WITH PREJUDICE** Baker's remaining claims against the Defendants for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Finally, the Court **DENIES** Baker's Motion for Preliminary Injunction.

It is SO ORDERED.

Signed on September 29, 2021.

*[signature]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[5] By contrast, when a "district court undertakes an independent review of the record," the "review is de novo, despite any lack of objection." *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

[6] The Court does not, however, accept and adopt the M&R's finding that Baker is 36 years old. *See* (Dkt. No. 28 at 3). Baker indicates he is 46 years old, (Dkt. No. 26 at 4), and there is other evidence in the record corroborating this statement, *see* (Dkt. No. 9 at 4); (Dkt. No. 10 at 3).